WILLIAM ROCK and Others v. DONORA MINING COMPANY and Others.[1]

January 8, 1904.

Nos. 13,720—(168).

**Complaint.**

The complaint in an action to have the boundaries of the land of the respective parties established states a cause of action.

**Parties to Action.**

G. S. 1894, § 5825, relating to additional parties in such an action construed, and *held,* that the court, whenever it appears that any person interested in any of the lands involved in the action as shown by the complaint ought to be made a party, must stay proceedings and order such persons to come in and plead, but as to persons interested in any tract of land not so originally involved the court may, in its discretion, order them to appear and plead.

**Denial of Motion.**

The trial court did not err in denying the defendant's motion to stay proceedings in this action, and order additional parties to appear and plead.

Appeal by defendants, Donora Mining Company, George C. Swallow, and Fannie L. Swallow, from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial. Affirmed.

*John G. Williams,* for appellants.

*Davis & Hollister* and *Francis W. Sullivan,* for respondents.

START, C. J.

Action for the purpose of having certain boundaries established pursuant to G. S. 1894, §§ 5823–5829. The complaint, so far as here material, alleged that the plaintiffs were the owners of the southeast $\frac{1}{4}$ of the southeast $\frac{1}{4}$ of section 28, the north $\frac{1}{2}$ of the northeast $\frac{1}{4}$ and the northeast $\frac{1}{4}$ of the northwest $\frac{1}{4}$ of section 33, and that the answering defendants, hereafter designated as the defendants, were the owners of the southwest $\frac{1}{4}$ of the southwest $\frac{1}{4}$ of section 27, and the nonanswering defendants were the owners of the northwest $\frac{1}{4}$ of the northwest $\frac{1}{4}$ of section 34, all in township 59, range 15; that the location of the east line of the plaintiffs' land and the west line of the answering defendants' land was in dispute between the owners thereof:

[1] Reported in 97 N. W. 889.

that they could not agree upon the line, nor upon the correct point for the location of the southeast corner of section 28, upon which the disputed boundary line depended; that there was no dispute between the plaintiff and the owners of the northwest ¼ of the northwest ¼ of section 34 as to the location of the line between their respective tracts of land, but that they would be affected by the establishing of the location of the southeast corner of section 28; that such section corner was located by the government survey many years ago at the point designated in the complaint; that all persons known to the plaintiffs to have any title to or interest in the land above described were made parties to the action. The prayer of the complaint was that the southeast corner of section 28 and the line between the respective tracts of land above described in sections 27, 28, 33, and 34 be located.

The answers of the defendants admitted the dispute as to the boundaries alleged in the complaint, denied that the southeast corner of section 28 was established by the government survey at the point designated in the complaint, and alleged that such government corner was lost, and could not be found. The answer also alleged that on the east and west line of the township all of the government monuments from the one at the northwest corner of section 33 east to the northeast corner of section 36 were lost, and could not be found; and that, in order to a full adjudication of the location of the government corner at the southeast corner of section 28, it was necessary that all owners of and persons interested in sections 25, 26, 27, 28, 33, 34, 35, and 36 be made parties to the action, and prayed that all such owners and parties be brought into the action as parties. The answer, however, did not state the names of such owners and persons, or any of them.

The trial court made findings of fact, and as a conclusion of law directed judgment establishing the boundary line between the respective tracts of land of the parties as claimed by the plaintiffs. The defendants appealed from an order denying their motion for a new trial.

The case comes to this court on a bill of exceptions which contains none of the evidence received on the trial of the action. The bill of exceptions shows that the defendants on the trial of the action objected to any evidence being given for the reason that the complaint did not state a cause of action. The objection was overruled. At the opening of defendants' case, and on the seventh day of the trial, they offered to

prove by the records in the office of the register of deeds of St. Louis county the ownership, naming the owners and parties in interest, who had not been made parties, of the following tracts of land, to wit: The north ½ of the southwest ¼ and the southeast ¼ of the southwest ¼ of section 27, the north ½ of the southeast ¼ and the southwest ¼ of the southeast ¼ of section 28, the south ½ of the northeast ¼ of section 33, and the south ½ of the northwest ¼ and the northeast ¼ of the northwest ¼ of section 34; such offers being made preliminary to asking that such parties be made defendants. This was followed by a motion by the defendants that such owners be made parties to the action, and proceedings be stayed to bring them into the action. The offer and motion were denied.

The only questions presented by the record for our decision are: (a) Does the complaint state a cause of action? (b) Did the court err in rejecting the defendants' offer of evidence, and in denying their motion that further proceedings be stayed until other parties could be brought in? In considering this question we must keep in mind the facts that this is not an action to establish a lost corner, or one under G. S. 1894, § 5824, to establish all of the boundaries of two or more tracts of land; that the complaint does not allege or concede that any of the government corners are lost, or that there is any dispute as to the location of any government corner except the one at the southeast corner of section 28, in dispute between the plaintiffs and the defendants. It is apparent that the complaint is based upon G. S. 1894, § 5823, which expressly provides that:

> "Any person owning land or any interest in land, may bring an action in the district court against the owner or owners or persons interested in the adjoining land to have the boundary lines fixed and established."

The complaint shows upon its face that all the owners or persons interested in the land adjoining that of the plaintiffs on the disputed line are made parties to the action. The complaint alleges facts showing that the court has jurisdiction of the subject-matter of the action, that the proper parties are before it, and that a cause of action is stated. The question, whether the trial court erred in rejecting the defendants'

offer in evidence of the records of the office of the register of deeds, and denying their motion that all proceedings in the action be stayed, and other persons made parties to the action, depends upon whether the defendants had the absolute right to such stay, and to have other persons made parties for the purpose of the offered evidence was simply to furnish a basis for such motion. Waiving the objection that the omnibus offer in evidence of the records was too indefinite, we have the question whether the defendants had a legal right to have their motion granted. If they had, and the statute must be construed so as to give that right under the facts of this case, then the statute opens wide the door for vexatious delays and a miscarriage of justice.

The facts of this case are that the defendants, by their answer, alleged in the most general terms that all the owners and persons interested in eight square miles of land, without naming one of them, were necessary parties to the action, and asked that such owners and persons be, made parties to the action. They took no steps to bring in other parties until the seventh day of the trial, when they made their motion to have the owners of land other than that described in the complaint made parties, and to have proceedings in the action stayed. If the court was bound to grant the motion, it would have resulted in a continuance of the case and its trial de novo. Such a construction cannot be accepted. Section 5825, G. S. 1894, provides that:

> "Whenever it shall appear to the court in any action brought for the purposes aforesaid that any owner, lienholder or person interested in any of the tracts involved ought, for a full settlement and adjudication of all the questions involved, to be made a party to the action, the court shall stay proceedings in the action and issue an order requiring such persons to come in and plead in the action within twenty days after service of the order, which order shall be served upon the persons named, in the same manner as is provided for the service of a summons in a civil action. Any person so served may file an answer within twenty days after such service, and if he fail to file such answer shall be deemed in default. All pleadings in the action, or copies thereof, shall be filed before such order is made. The court may also in its discretion in like manner order the owners and

persons interested in other tracts than those originally involved to appear and plead, in which case the order shall describe such additional tracts and state that the purpose of the action is to establish the boundary lines of such tracts."

The construction of this section contended for by the defendants is to the effect that all tracts of land, the boundaries of which are fixed by relation to any point on the line in dispute between the original parties to the action, are necessarily involved in such action, and the respective owners of such tracts must in every case be made parties to the action, whether there be or not any dispute between them as to the location of the boundaries of their own land. The true construction of the section depends on the meaning of the words therein "any of the tracts involved." It is to be noted that the section contains a mandatory and a discretionary provision. The court is given the discretionary power "in like manner to order the owners and persons interested in other tracts than those originally involved to appear and plead." If the words "any of the tracts involved," used in the mandatory part of the section, mean and include every tract of land the boundaries of which are fixed by any point on the line in dispute, then the discretionary clause of the section is as certainly without force as it is that the greater includes the less. The mandatory and discretionary clauses must both be given effect. Now the words, "other tracts than those originally involved," and "such additional tracts," found in the discretionary clause, show clearly that the mandatory clause refers only to tracts of land originally involved in the action. It is only from the complaint that it can be ascertained what tracts of land were originally involved in the action; hence the words "any of the tracts involved," as used in the mandatory clause, mean the lands described in the complaint.

We therefore construe the section as requiring the court, whenever it appears that any person interested in any of the tracts of land involved in the action, as shown by the complaint, ought to be made a party to the action, to stay proceedings and order such persons to come in and plead in the action; but as to persons interested in any tract of land not so originally involved the court may, in its discretion, order them to appear and plead. The defendants' offer and motion related

to tracts of land not originally involved in the action, and the only right they had in the premises was to appeal to the discretion of the court. The court did not abuse its discretion in denying the motion.

Order affirmed.